Slip Op. 19-128

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN CAST IRON PIPE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> EVRAZ Inc., NA, <br><br> Defendant-Intervenor. | **Before: Timothy C. Stanceu, Chief Judge** <br><br> **Court Nos. 19-00082 & 19-00088** |

## OPINION

[Dismissing actions for lack of subject matter jurisdiction]

Dated: October 16, 2019

*Timothy C. Brightbill*, *Laura El-Sabaawi*, and *Tessa V. Capeloto*, Wiley Rein LLP, of Washington, D.C., for plaintiffs.

*Joseph H. Hunt*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *L. Misha Preheim*, Assistant Director, and *Eric J. Singley*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for defendant. Of counsel was James H. Ahrens II, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

*H. Deen Kaplan* and *Craig A. Lewis*, Hogan Lovells US LLP, of Washington, D.C., for defendant-intervenor.

Stanceu, Chief Judge: Plaintiffs brought two parallel actions (Court Nos. 19-00082 and 19-00088) to contest a final "less-than-fair-value" ("LTFV") determination made by the International Trade Administration, U.S. Department of Commerce ("Commerce") in an

antidumping duty investigation of large diameter steel pipe from Canada. Concluding that it lacks subject matter jurisdiction, the court dismisses both actions.

### I. BACKGROUND

#### A. The Contested Determination

The contested administrative determination (the "Final Determination") is *Large Diameter Welded Pipe From Canada: Final Affirmative Determination of Sales at Less Than Fair Value*, 84 Fed. Reg. 6378 (Int'l Trade Admin. Feb. 27, 2019). Commerce determined that the merchandise subject to investigation, which was imports from Canada of welded carbon and alloy steel pipe more than 16 inches in nominal diameter, "is being, or is likely to be, sold in the United States at less than fair value (LTFV) during the period of investigation (POI) January 1, 2017, through December 31, 2017." *Id.* In the investigation, Commerce determined an estimated individual weighted-average dumping margin of 12.32% for respondent Evraz Inc., NA ("Evraz"), a Canadian exporter and producer of the subject merchandise, and adopted this margin as the "all others" rate.[1] *Id.*, at 6379 (*citing* 19 U.S.C. § 1673d(c)(5)(A)).

#### B. The Parties

Plaintiffs, domestic producers of large-diameter welded pipe, are American Cast Iron Pipe Company, Berg Steel Pipe Corp., Berg Spiral Pipe Corp., Dura-Bond Industries, and Stupp Corporation, individually and as members of the American Line Pipe Producers Association; Greens Bayou Pipe Mill, LP; JSW Steel (USA) Inc.; Skyline Steel; Trinity Products LLC; and Welspun Tubular LLC. Defendant is the United States. Evraz is a defendant-intervenor.

---

[1] Plaintiffs' complaints allege on the merits that Commerce improperly concluded that Evraz was not affiliated with another party, Enbridge Inc., despite evidence of a "close supplier relationship." Compl. ¶¶ 8-11, (No. 19-00082) (June 28, 2019), ECF No. 8; Compl. ¶¶ 9-12, (No. 19-00088) (July 3, 2019), ECF No. 8.

C. Administrative Proceedings

After publication of the Final Determination on February 27, 2019, the U.S. International Trade Commission (the "Commission" or "ITC") issued a final affirmative injury determination. *Large Diameter Welded Pipe from Canada, Greece, Korea, and Turkey,* Inv. Nos. 701-TA-595-596 and 731-TA-1401, 1403, and 1405-1406, USITC Pub. 4883 (Apr. 2019) (Final), *Large Diameter Welded Pipe From Canada, Greece, Korea, and Turkey*, 84 Fed. Reg. 16,533 (Int'l Trade Comm. Apr. 19, 2019). Commerce issued an antidumping duty order on May 2, 2019. *Large Diameter Welded Pipe From Canada: Antidumping Duty Order*, 84 Fed. Reg. 18,775 (Int'l Trade Admin. May 2, 2019).

D. Proceedings in the Court of International Trade

Plaintiffs filed identical summonses in the two cases. Summons (No. 19-00082) (May 31, 2019), ECF No. 1; Summons (No. 19-00088) (June 4, 2019), ECF No. 1. Plaintiff's complaints are essentially identical, although the complaint in Court No. 19-00088 adds a factual allegation not included in the complaint in Court No. 19-00082.[2] *Compare* Compl. ¶ 4, (No. 19-00088) (July 3, 2019), ECF No. 8, *with* Compl. (No. 19-00082) (June 28, 2019), ECF No. 8.

Defendant-intervenor Evraz moved to dismiss the cases for lack of subject matter jurisdiction. Mot. to Dismiss for Lack of Subject Matter Jurisdiction (No. 19-00082) (July 17, 2019), ECF No. 13; (No. 19-00088) (July 22, 2019), ECF No. 11. Evraz subsequently moved to

---

[2] The additional factual allegation in the complaint in Court No. 19-00088 discloses that the date of plaintiffs' notice of intent to commence judicial review under the rule set forth in 19 U.S.C. § 1516a(g)(3)(B) (discussed in this Opinion as the "Special Rule"), as provided to the various parties, was May 8, 2019. This date is not in dispute in this litigation. Plaintiffs explained in a footnote in that complaint that they filed two separate actions due to their uncertainty as to the time for filing the action, which uncertainty they attribute to what they submit are inconsistent judicial decisions. Compl. at 3 n.1 (No. 19-00088) (discussing *Bhullar v. United States*, 27 CIT 532, 259 F. Supp. 2d 1332, 1336 (2003) and *N. Dakota Wheat Comm'n v. United States*, 28 CIT 1236, 1238, 342 F. Supp. 2d 1319, 1322 (2004)).

supplement its motion in the earlier-filed case. Mot. to Supplement Mot. to Dismiss (No. 19-00082) (July 22, 2019), ECF No. 15. Defendant also moved to dismiss for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss (No. 19-00082) (July 29, 2019), ECF No. 18; (No. 19-00088) (July 29, 2019), ECF No. 16.

Plaintiffs moved for an injunction to prevent liquidation of affected entries. Mot. for Prelim. Inj. (No. 19-00082) (July 29, 2019), ECF No. 25; (No. 19-00088) (July 29, 2019), ECF No. 17. Defendant and defendant-intervenor opposed this motion. Def.'s Resp. to Pl.'s Mot. for a Prelim. Inj. (No. 19-00082) (Aug. 19, 2019), ECF No. 27; (No. 19-00088) (Aug. 19, 2019), ECF No. 25; Resp. of Evraz, Inc. NA to Mot. for Prelim. Inj. (No. 19-00082) (Aug. 8, 2019), ECF No. 26; (No. 19-00088) (Aug. 8, 2019), ECF No. 24.

Plaintiffs filed their response to the motions to dismiss on August 28, 2019. Pls.' Resp. to Def. Int. Evraz's Mot. to Dismiss and Supplement to Mot. and Def. United States' Mot. to Dismiss (No. 19-00082) (Aug. 28, 2019), ECF No. 29; Pls.' Resp. to Def.-Int. Evraz Inc.'s Mot. to Dismiss and Def. United States' Mot. to Dismiss (No. 19-00088) (Aug. 28, 2019), ECF No. 27 ("Pls.' Resp.").

Defendant filed a reply in support of its motion to dismiss. Def's Reply in Support of Def.'s Mot. to Dismiss (No. 19-00082) (Sept. 16, 2019), ECF No. 31; Def's Am. Reply in Support of Def.'s Mot. to Dismiss (No. 19-00088) (Sept. 16, 2019), ECF No. 30. Defendant-intervenor also filed a reply in support of its motion to dismiss. Reply of Evraz, Inc. NA in Support of Def. Int. Evraz's Mot. to Dismiss (No. 19-00082) (Sept. 18, 2019), ECF No. 32; (No. 19-00088) (Sept. 18, 2019), ECF No. 31.

On September 18, 2019, the Government of Canada filed a motion for leave to appear as *amicus curiae*. Mot. for Leave of the Government of Canada to Appear as Amicus Curiae (No. 19-00082) (Sept. 18, 2019), ECF No. 33; (No. 19-00088) (Sept. 18, 2019), ECF No. 32.

## II. Discussion

Plaintiffs assert jurisdiction according to 28 U.S.C. § 1581(c), under which the Court of International Trade has exclusive jurisdiction of actions brought under Section 516A(a) of the Tariff Act of 1930, 19 U.S.C. § 1516a(a) ("subsection (a)"), including an action seeking judicial review of a final less-than-fair-value determination by Commerce. *See* 19 U.S.C. § 1516a(a)(2)(B)(i).

Defendant-intervenor and defendant base their motions to dismiss on the "Special Rule" of 19 U.S.C. § 1516a(g)(3)(B), which is applicable to review of antidumping and countervailing duty determinations involving goods of a party to the North American Free Trade Agreement ("NAFTA"). Under the Special Rule, a final determination of less-than-fair-value "is reviewable under subsection (a) [of 19 U.S.C. § 1516a] only if the party seeking to commence review has provided timely notice of its intent to commence such review to—(i) the United States Secretary and the relevant FTA [Free Trade Agreement] Secretary;[3] (ii) all interested parties who were parties to the proceeding in connection with which the matter arises; and (iii) the administering authority [Commerce] or the [U.S. International Trade] Commission, as appropriate." 19 U.S.C. § 1516a(g)(3)(B).

---

[3] The terms "United States Secretary" and "relevant FTA Secretary" refer to officials in the three North American Free Trade Agreement ("NAFTA") countries who assist in administering dispute settlement proceedings under NAFTA Article 19. *See* 19 U.S.C. § 1516a(f)(6), (f)(7).

The Special Rule defines, with an exception not here applicable, what is meant by the statutory term "has provided timely notice": "[s]uch notice is timely provided if the notice is delivered no later than the date that is 20 days after the date described in subparagraph (A) or (B) of subsection (a)(5) [of this section] that is applicable to such determination . . . ." *Id.* Defendant and defendant-intervenor maintain that plaintiffs' notice of intention to commence judicial review of the LTFV determination, which plaintiffs acknowledge as having been made on May 8, 2019, was untimely.

To resolve the question of timeliness, the court first must determine "the date described in subparagraph (A) or (B) of subsection (a)(5) [of § 1516a] that is applicable to such determination." *Id.* Only a date described in subparagraph (A), and not a date described in subparagraph (B), can be relevant to this case. Subparagraph (B) applies only to a "scope" determination ("a determination described in clause (vi) of paragraph (2)(B)"), whereas subparagraph (A) applies, *inter alia*, to "a determination described . . . clause (i) . . . of paragraph (2)(B)." Clause (i) of paragraph (2)(B) (19 U.S.C. § 1516a(a)(2)(B)) applies, *inter alia*, to "[f]inal affirmative determinations by the administering authority [Commerce] . . . under section . . . 1673d of this title . . . ." Section 1673d is the statutory provision under which Commerce issues a final affirmative LTFV determination.

Determining the "date that is described in subparagraph (A) . . . of subsection (a)(5) of this section" requires an interpretation of the following statutory phrase in 19 U.S.C. § 1516a(a)(5)(A): "the 31st day after the date on which notice of the determination is published in the Federal Register." The only "date" (as opposed to "day") "that is described in subparagraph (A)" is the date of Federal Register publication. *See* 19 U.S.C. § 1516a(a)(5)(A); 19 C.F.R. § 356.3(a) (interpreting the 20-day period to run from the date of publication of the

determination). The LTFV notice contested in this case was published on February 27, 2019. When the Special Rule is applied to that date, the resulting due date by which the "party seeking judicial review" must have "provided timely notice" is March 19, 2019.

Under the Special Rule, the providing of timely notice is a jurisdictional requirement. That much is clear from the language Congress chose: the "determination . . . is *reviewable . . . only if* the party seeking to commence review *has provided timely notice* . . . ." 19 U.S.C. § 1516a(g)(3)(B) (emphasis added).[4] It necessarily follows that these actions must be dismissed. Plaintiffs were not timely in providing the notice Congress expressly made a condition of obtaining judicial review of the final LTFV determination plaintiffs seek to contest in this Court.

In response to the motions to dismiss, plaintiffs argue that "the Court should consider Plaintiffs to have timely filed their notice of intent to commence judicial review, given the unique statutory provisions surrounding challenges to less-than-fair-value determinations and the purpose of the notice of intent requirement." Pls.' Resp. at 1, (No. 19-00082); Pls.' Resp. at 1-2, (No. 19-00088) (Aug. 28, 2019). In referring to the "unique statutory provisions," plaintiffs explain that "affirmative less-than-fair-value determinations, regardless of the country involved, are reviewable by this court only *after* the Commission makes its injury determination." *Id.* at 2 (citing 19 U.S.C. §§ 1516a(a)(2)(A)(II) & (3)). According to this argument, because the ITC did not make its injury determination until May 2, 2019 and Commerce issued the antidumping duty order on that same date, plaintiffs' May 8, 2019 notice, having been made within 20 days of the publication of the order, should be deemed timely. Plaintiffs' arguments do not convince the court.

---

[4] Even were the court to conclude that the notice requirement is not jurisdictional, it still would be required to dismiss these actions, on which no relief could be granted.

Plaintiffs' interpretation of the statutory scheme does not overcome the plain meaning of the notice requirement in the Special Rule, the 20-day time period for which begins with the date of Federal Register publication of the LTFV determination, not the date of publication of a resulting antidumping duty order.  *See* 19 U.S.C. § 1516a(g)(1) (defining the term "determination," as applicable here, as the determination described in 19 U.S.C. § 1516a(a)(2)(B)(i), which is a final affirmative LTFV determination).

Moreover, plaintiffs' arguments misconstrue the purpose of the Special Rule, which is a notice provision of a party's "*intent* to commence judicial review" in the future.  19 U.S.C. § 1516a(g)(3)(B).  The 20-day period for fulfilling the notice requirement is related to the time during which a party may request binational panel review under Article 1904 of the NAFTA, which is 30 days following Federal Register publication of the relevant determination.  19 U.S.C. § 1516a(g)(8); 19 C.F.R. § 356.4(a).  Other parties to the administrative proceeding thereby receive notice of a party's intention to bring an action in the Court of International Trade before expiration of the time to file a request for binational panel review (which, as a general matter, will preclude subsequent judicial review in this Court, with certain exceptions, *e.g.*, for constitutional claims).  Under the statutory scheme, these other parties will have a minimum of ten days following receipt of the notice of intent in which to request binational panel review.

Contrastingly, under plaintiffs' view of the statute, a party may commence a judicial review action in this Court even though it did not provide the required notice of intent within 20 days of publication of the final determination.  An example illustrates the difficulty this could pose.  If, by the 31st day after Federal Register publication of the determination, *i.e.*, a day after the 30-day period has run, no party has filed a notice of intent to seek judicial review, and no party has requested binational panel review, parties to the administrative proceeding, as a general

matter, should be able to presume that finality has attached to the administrative determination. But under plaintiffs' construction of the statute, that result would not necessarily obtain. Also, plaintiffs' construction, interpreted narrowly, could fail to effectuate the priority the statute gives to "exclusive review" by a binational panel. *See* 19 U.S.C. § 1516a(g)(2). In addition to contravening the plain meaning of the statute, plaintiff's proffered construction defeats the statutory purpose.

Further to their argument that their notice of intent was timely, plaintiffs cite a decision of this Court, *Bhullar v. United States*, 27 CIT 532; 259 F. Supp. 2d 1332 (2003), as supporting their position that notice of intent to commence judicial review is timely according to the Special Rule if accomplished within 20 days of publication of an antidumping duty order. Pls.' Resp. at 3-4. This argument is also unconvincing. In *Bhullar*, this Court concluded that judicial review was not available because the contested determinations were the subject of requests for binational panel review, and no exception applied that would allow the claims to be heard in this Court. The opinion in *Bhullar* noted that other jurisdictional defects applied: the plaintiff had failed to comply with the requirement to provide notice of intent to commence judicial review and also lacked standing. As to the notice of intent, the opinion instructs that "the notification of a party's intent to commence review must be delivered no later than 20 days after the final determinations are published in the Federal Register." *Bhullar*, 27 CIT at 537, 259 F. Supp. 2d at 1336. The opinion then specifies May 22, 2002, the date of Federal Register publication of "the challenged determinations," which included the *amended* final affirmative LTFV determination and the *amended* final affirmative countervailing duty determination. *Id.* These were published together with the respective LTFV and countervailing duty orders. Because in this instance Commerce did not issue an amended final LTFV determination after issuing the

final LTFV determination, the only 20-day period that occurred began to run from the February 27, 2019 publication date. Therefore, *Bhullar* is inapposite.

In summary, plaintiffs' notice of intent to commence judicial review was untimely because it was not provided by due date specified in the Special Rule, which in this instance was March 19, 2019.

### III. CONCLUSION

For the reasons set forth above, the court concludes it lacks subject matter jurisdiction. Therefore, the court will grant the motions to dismiss and judgments dismissing Court No. 19-00082 and Court No. 19-00088 will enter accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Dated:  October 16, 2019
          New York, New York